# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1421 | **DATE** | 7/8/2010 |
| **CASE TITLE** | Otero, et al. vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs Daniel Otero and Victoria Chilcutt's motion for summary judgment [28] is denied. Defendants' motion to strike Plaintiffs' reply to Defendants' response to Plaintiffs' Local Rule 56.1(a)(3) Statement of Facts [48] is denied.

*Charles Norgle*

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is plaintiffs Daniel Otero and Victoria Chilcutt's (collectively "Plaintiffs") motion for summary judgment. For the following reasons, Plaintiffs' motion is denied.

On March 6, 2009, Plaintiffs filed a two-count complaint against the City of Chicago and nine Chicago police officers (collectively "Defendants") pursuant to 42 U.S.C § 1983 and 745 ILL. COMP. STAT. 10/9-102. Plaintiffs' complaint generally alleges that Defendants violated Plaintiffs' Fourth Amendment rights by searching their apartment without probable cause. On October 16, 2009, Plaintiffs filed a motion for summary judgment. On December 31, 2009, Defendants filed a motion to strike Plaintiffs' reply to Defendants' response to Plaintiffs' Local Rule 56.1(a)(3) Statement of Facts. The Court quickly notes that Defendants' motion to strike is denied. See Black v. Long Term Disability Ins., 373 F. Supp. 2d 897, 904 (E.D. Wis. 2005) ("As a general rule, motions to strike are disfavored and infrequently granted."). The Court will, however, give appropriate weight to the materials submitted, and shall disregard all pleadings, affidavits and exhibits, or any portions thereof, that, as the Court determines, do not comply with the Northern District of Illinois' Local Rules or the Federal Rules of Evidence. Plaintiffs' motion for summary judgment is now fully briefed.

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). In deciding a motion for summary judgment, the court "view[s] the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in the nonmoving party's favor." See AA Sales & Assocs., Inc. v. Coni-Seal, Inc., 550 F.3d 605, 609 (7th Cir. 2008). Summary judgment is not appropriate though "when alternate inferences can be drawn from the available evidence." Spiegla v. Hull, 371 F.3d 928, 935 (7th Cir. 2004).

In the present case, the record reveals significant questions of material fact that preclude summary judgment. Although the parties present contrasting accounts of the search at issue, both parties do agree that on January 11, 2008, defendant police officer Matthew Hoyas ("Officer Hoyas") obtained a warrant to search "Tony," a male Hispanic 27-32 years of age, and the premises of "2619 N. Kimball 2nd floor apartment

# STATEMENT

Chicago Cook County Illinois" for heroin and drug paraphernalia. Pls.' Mot. for S. J., Ex. 1. Officer Hoyas stated in his sworn complaint for the warrant that a "J. Doe related that the residence belonging to 'Tony' is a three unit apartment building and 'Tony's' apartment being the only unit on the second floor." Id., Ex. 14. According to the owner of the building at 2619 N. Kimball, the building has five units, not three. Defs.' Resp. to Pls.' Local Rule 56.1 Statement of Facts, ¶ 4.

On the morning of January 13, 2008, Officer Hoyas and defendant Officers Martinez, Crawford, Bolanos, Pina, Carvajal, Herlehy, and Roman, Jr. executed the search warrant at 2619 N. Kimball. The parties dispute whether defendant Officer Morado participated in the actual search. The officers initially entered the apartment of the Rosado family who lived on the second floor of 2619 N. Kimball. The Rosado family members that were present at that time included Luis Rosado, his wife Rosa, his son Luis, Jr. and his grandson Justin. According to Plaintiffs, thirteen police officers entered the Rosados' apartment, several of whom had their guns and shields drawn, and handcuffed Luis Rosado. Defendants claim that after officers showed Luis Rosado the search warrant, he "told the police officers that the man they were looking for lived in the other second floor apartment" and that "he had observed a lot of people coming and going from the target's apartment." Defs.' Local Rule 56.1(b)(3) Statement of Facts, ¶¶ 16-17. Luis Rosado testified, however, that he didn't know who the officers were looking for, Rosado Dep. at 18, and that he only told the police "that there was a new person [in the second floor, rear apartment], and it could be him." Id. at 19. Rosado also stated: "I never saw drugs being sold [in the second floor, rear apartment], I never saw anything." Id. at 20. Rosado did state, though, that officers "told [Rosado] that they were mistaken by being in [his] apartment." Id. at 19. Defendants acknowledge that after entering the Rosados' apartment and talking to Luis Rosado, Officers Hoyas, Martinez, Crawford, Bolanos, Pina, Carvajal, Herlehy, and Roman, Jr. went to plaintiff Otero's second floor rear apartment and searched the apartment while Otero and Chilcutt were present.

Under the Fourth Amendment, "[a] warrant cannot be executed by persons who know it to be ambiguous." Guzman v. City of Chi., 565 F.3d 393, 397 (7th Cir. 2009). Accordingly, "where an officer mistakenly believes that a building is a single unit but later discovers that the building in fact contains multiple units, the officer is obligated to cease the search if he is unable to determine that the unit he is searching is properly the subject of the search." Jacobs v. City of Chi., 215 F.3d 758, 771 (7th Cir. 2000); see also Guzman, 565 F.3d at 398 ("[S]earching two or more apartments in the same building is no different than searching two or more completely separate houses.") (quotations omitted).

Here, there is a question of fact as to whether the defendant Officers were certain that Otero's apartment was the proper subject of the search. See Jacobs, 215 F.3d at 772 (holding that Defendant Officers did not have qualified immunity from plaintiffs' § 1983 claims because the officers "should have been aware that the warrant was overbroad and there [was] no indication that the officers were certain that plaintiffs' apartment was the proper subject of the search"). Plaintiffs contend that the defendant Officers should have ceased their search as soon as they found out the second floor of 2619 N. Kimball had multiple apartment units. However, Luis Rosado's statements to the defendant Officers, interpreted in the light most favorable to Defendants, as they must be, could have provided sufficient grounds for the defendant Officers to conclude that Otero's second floor rear apartment was the proper subject of the search. Thus, a reasonable jury could determine that the search of Otero's apartment was constitutional even though the defendant Officers may have known that the warrant was overbroad. Although Luis Rosado's deposition testimony does not corroborate Defendants' account entirely, it is not appropriate for the Court to make a choice of inferences from the evidence. Therefore, Plaintiffs' motion for summary judgment must be denied. IT IS SO ORDERED.